UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**CHARLENE B. WASHINGTON**                            **CIVIL ACTION**

**VERSUS**                                             **NO:  07-638-JCZ-SS**

**TRAVELERS**

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Standard Fire Insurance Company ("Standard Fire"), for sanctions against the plaintiff, Charlene B. Washington ("Washington").  For the reasons described below, it is recommended that Washington's petition be dismissed without prejudice.

## BACKGROUND

On August 29, 2006, Washington, while proceeding in proper person, filed a petition in state court against "Travelers."  Standard Fire appeared to defend the claim.  This is a Katrina claim in which Washington claims damages of $285,000.  She alleges that Standard Fire issued a policy of insurance for her residence.[1]  The case was removed to federal court.  Rec. doc. 1.

A notice of a scheduling conference was mailed to Washington, but it was returned as undeliverable.  A telephone scheduling conference was held on April 25, 2007 in which Washington participated.  The trial was set for March 31, 2008.  Rec. doc. 7.

On June 1, 2007, Rebecca King of Atlanta, Georgia, appeared as counsel for Washington.

---

[1] The petition does not disclose the address for the residence which was damaged.  The address listed by Washington after her signature on the pleading is 2624 Gov. Nichols Street, New Orleans, LA 70119.  Rec. doc. 1.

Rec. doc. 12.[2]  At the request of counsel for Standard Fire, a status conference with the District Judge was set for June 26, 2007.  Rec. doc. 15.  Ms. King (by phone) and counsel for Standard Fire participated in the conference.  Rec. doc. 16.  The District Judge required that Washington:  (a) produce all documentation pertaining to her flood claim, (b) produce any pre-Katrina appraisals of her property; and (c) allow Standard Fire to reinspect the property.  The parties were required to confer by telephone by July 12, 2007 and provide a joint status report by July 20, 2007.  Rec. doc. 16.  On July 24, 2007, the parties filed a status report indicating that some progress was made but additional information was required before there could be meaningful settlement discussions.  Rec. doc. 17.  The report was signed by Ms. King.  Id. at p. 7.  This is the last pleading in the record signed or filed by Ms. King on behalf of Washington.

On September 19, 2007, Standard Fire filed its first motion to compel.  It reported that it served written discovery on June 22, 2007, but Washington did not respond.  Its counsel reported that he spoke to Ms. King on August 30, 2007 at which time she promised to respond to the discovery by September 10, 2007, but Standard Fire did not receive the responses.  Rec. doc. 20.  No opposition was filed to motion, and, on October 15, 2007, Washington was ordered to provide full responses by October 29, 2007.  Rec. doc. 22.[3]

On November 2, 2007, Standard Fire filed a motion for sanctions.  It reported that Washington did not comply with the October 15, 2007 discovery order.  Rec. doc. 23.  On November 8, 2007, Standard Fire filed a second motion to compel discovery.  It reported that Washington did not respond to a second set of interrogatories.  The motion states:

---

[2]  Ms. King's address is Rebecca J. King & Associates, APLC, 4321 Savannah Lane, Atlanta, GA 30349.

[3]  The record indicates that this order was sent to Ms. King.  Rec. doc. 22.

> Standard Fire placed three phone calls to different phone numbers of Plaintiff's counsel, but there was no answer and no opportunity to leave a message. Plaintiff has made no effort to contact Defendant. This is the latest in a long list of Plaintiff's failure to abide by Court rules and order. . . .

Rec. doc. 25.

On November 21, 2007, the undersigned reset Standard Fire's motion for sanctions for December 12, 2007. The order provided that:

> **By Tuesday, December 4, 2007, Washington shall file a memorandum in which she demonstrates good cause why her case should not be dismissed with prejudice for failure to comply with the Court's discovery orders.**

Rec. doc. 31 at p. 3 (Emphasis in original).[4] Washington did not respond to this order.

On December 4, 2007, Standard Fire's second motion to compel was granted. Rec. doc. 32.[5]

## APPLICABLE LAW

Pursuant to Fed. R. Civ. P. 37(b)(2)(C), "If a party . . . fails to obey an order to provide . . . discovery, the court . . . may such orders in regard to the failure as are just, [including] dismissing the action. . . ." In addition, the authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Such a dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised sua sponte whenever necessary to achieve the orderly and

---

[4] The record indicates that this order was served on Ms. King.

[5] The record indicates that this order was served on Ms. King.

expeditious disposition of cases.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

## ANALYSIS

Washington's counsel, Ms. King, has not filed any pleading since the status report was filed on July 24, 2007.  Ms. King's last communication with counsel for State Farm was on August 30, 2007.  Washington received personal notice of the trial setting through her participation in the scheduling conference.  Only Ms. King was served with copies of the discovery orders, but none of these has been returned as undeliverable.[6]

Washington did not comply with the discovery order granting Standard Fire's first motion to compel.  Nor did she comply with the order of November 21, 2007 which reset the motion for sanctions for December 12, 2007 and gave her until December 4, 2007 to file a memorandum.  She was notified that failure to comply could result in a dismissal with prejudice.  Rec. doc. 31.  Although the July 24, 2007, status report indicates that Ms. King encountered some problems in securing documentation from Washington, it is not possible to charge Washington with all responsibility for the violation of the orders.  The fact that the undersigned has not received any response to its November 21, 2007 order, demonstrates that Ms. King bears some measure of the

---

[6] A party is considered to have notice of all facts, notice of which can be charged to his attorney.  4B Wright, Miller and Marcus, Federal Practice and Procedure §1145, n.1 (3rd ed. 2002).

responsibility. Accordingly, it will be recommended that the suit be dismissed without prejudice.[7]

## RECOMMENDATION

IT IS RECOMMENDED that Standard Fire's motion for sanctions (Rec. doc. 23) be granted and Washington's petition be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of December, 2007.

SALLY SHUSHAN
United States Magistrate Judge

---

[7] There are other cases in this Court in which Ms. King represented the plaintiff(s) and the cases were dismissed for failure to prosecute.

In Terrence Newton v. Venture Logistics, Inc., 05-011-SS, the claims of five plaintiffs were dismissed without prejudice for failure to prosecute and for violation of the court's orders. Rec. doc. 30. The plaintiffs filed a pro se appeal and reported that they made numerous attempts to contact their counsel, but counsel did not respond. Rec. doc. 32.

In Gevenieve Elliot v. St. Paul Travelers, 05-4289-PB, the case was dismissed without prejudice. The District Judge reported that mail sent to Ms. King was returned as undeliverable. Rec. doc. 5.

In Brumfiled v. Coca-Cola Enterprises, Inc., 05-2536-HGB, the case was dismissed without prejudice for failure to prosecute. Rec. doc. 37.